(79 Misc. Rep. 607.)

PRIDDY v. BAUM.

(Supreme Court, Appellate Term, First Department.  March 7, 1913.)

1. INSURANCE (§ 188*)—PREMIUMS—ACCEPTANCE—EVIDENCE.

In an action to recover a premium upon an insurance policy, evidence *held* to warrant a finding that defendant had never accepted the policy, in spite of the fact that he had given a receipt therefor, and was therefore not liable.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 245, 402–407; Dec. Dig. § 188.*]

2. INSURANCE (§ 136*)—ACCEPTANCE OF POLICY—CONCLUSIVENESS OF RECEIPT.

In an action for the first premium on an insurance policy, where the defendant contended that he had not accepted the policy, a receipt given on March 26th cannot be deemed an "acceptance" of a corrected policy not delivered until March 29th.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 219–230; Dec. Dig. § 136.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Lawrence Priddy against Albert J. Baum.  Judgment for defendant, and plaintiff appeals.  Affirmed.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Guggenheimer, Untermyer & Marshall, of New York City (Louis Malthaner, of New York City, of counsel), for appellant.

Richard B. Aldcroftt, Jr., of New York City, for respondent.

SEABURY, J.  [1] The plaintiff, an assignee of the New York Life Insurance Company, sues to recover the first annual premium upon a policy of life insurance.  The complaint alleges that the Insurance Company delivered to defendant a life insurance policy for $10,000 upon the life of the defendant, and that:

"Thereupon, in consideration of such delivery, the defendant promised to pay to the said New York Life Insurance Company on April 3, 1912, the sum of $293.40 as a first annual premium upon said policy of insurance."

On March 26, 1912, the plaintiff, as agent for the Insurance Company, delivered a policy of insurance to the defendant, and the defendant signed a printed form of receipt furnished by the Insurance Company, which provided as follows:

"March 26, 1912.

"Received of and accepted from L. Priddy, agent of the New York Life Insurance Company, policy No. 4334100 for $10 M. insurance on my life in the above-named company, the same being as applied for.      Albert J. Baum."

On the same day, according to the testimony of the plaintiff, the defendant asked that the policy be redated as of March 24, 1912, instead of February 24, 1912.  The policy was then redelivered to the plaintiff, who sent it to the Insurance Company.  A new policy was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

140 N.Y.S.—31

delivered to the defendant on March 29, 1912. The policy which was last delivered to the defendant recites that:

"This contract is made in consideration of the first premium of $293.40, the receipt of which is hereby acknowledged, constituting payment for the period terminating on the 26th day of March, 1913, and the payment of a like sum on said date and on the 26th day of March in every year thereafter during the continuance of this policy."

The evidence referred to above does not establish the liability of the defendant. The policy of insurance acknowledged the receipt of the premium, which, in fact, had not been paid. Under that policy and the circumstances disclosed, there was no promise on the part of the defendant to pay the premium. If the defendant did not pay the premium, the Insurance Company was under no obligation under the contract. Under the policy, the defendant had the option to pay or not, and, if he elected not to pay the premium, there was no liability on the part of the Insurance Company under the policy. The receipt upon which the appellant relies, which recites that the defendant "received of and accepted from" the agent of the Insurance Company a policy of insurance, was not conclusive. The defendant, whose testimony was believed by the jury, testified that he accepted the policy so that he could "read it and look it over." The defendant's statement that he did take it for this purpose is corroborated by a letter written by the plaintiff to the defendant on June 1, 1912, in which he returns the policy to the defendant, and says:

"I assume that you have already read this policy and the trust agreement, and, for fear that you have not, I am sending it to you thus promptly, so that you can look it over at your leisure to-morrow."

There was thus ample evidence to justify the finding of the jury that the defendant never accepted the policy as a binding contract existing between himself and the Insurance Company.

[2] Moreover, the receipt of the defendant given on March 26, 1912, cannot be deemed to be the "acceptance" of a policy not delivered to him until March 29, 1912. We think the circumstances are such that, if the defendant had died, the plaintiff's assignor could not have been held liable upon the policy of insurance, and, as it is a poor rule that will not work both ways, the plaintiff should not now be allowed to recover of the defendant the first premium that would have been due if a binding contract had been entered into. There are other circumstances in the case which corroborate the defendant and furnish additional reasons why the jury should have believed his testimony.

Upon the whole record, we see no reason for disturbing the verdict of the jury. All concur.